IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATERINA NYE, | : | Civil No. 3:21-CV-01029 |
| Plaintiff, | : | |
| v. | : | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 8.) This action was brought by Plaintiff Katerina Nye ("Nye") to recover damages for Defendant's alleged breach of contract based on Defendant's failure to pay Nye's uninsured motorist claim and for bad faith under 42 PA. CONS. STAT. § 8371. (Doc. 5.) Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), has moved to dismiss the amended complaint, alleging that Nye has failed to identify the uninsured motorist from whom she would be entitled to recover as required by her insurance policy and because State Farm had a reasonable basis to deny her claim. (Doc. 9.) For the reasons stated below, the court will grant the motion to dismiss without prejudice to Nye filing an amended complaint. (Doc. 8.)

1

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

According to the amended complaint, Nye was involved in a multi-car accident on January 2, 2018. (Doc. 5, ¶ 3.) Because there were so many vehicles involved, Nye alleges that fault was never conclusively established. (*Id.* ¶¶ 4–5.) At the time of the accident, Nye was insured under a policy provided by State Farm that included coverage in the event that Nye was injured by a negligent uninsured motorist. (*Id.* ¶¶ 8–10.) Nye notified State Farm of the accident "and the fact that no one was able to determine who was at fault for the motor vehicle accident." (*Id.* ¶ 5.) State Farm denied Nye's claim and has refused to pay her any benefits from this policy. (*Id.* ¶ 12.)

On the basis of these facts, Nye filed a two-count complaint on April 29, 2021 alleging breach of contract and bad faith against State Farm. (Doc. 1-2.) This case was removed to federal court from the Court of Common Pleas of Lackawanna County on June 10, 2021. (Doc. 1.) On June 18, 2021, State Farm filed a motion to dismiss the complaint, which was denied as moot after Nye filed an amended complaint. (Docs. 4, 5, 7.) State Farm filed the instant motion to dismiss on July 16, 2021. (Doc. 8.) State Farm filed a supporting brief on July 29, 2021. (Doc. 9.) Nye timely filed a brief in opposition. (Doc. 12.) The time for filing a reply brief has passed; accordingly, the motion is ripe for disposition.

## JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the parties have complete diversity and the amount in controversy exceeds $75,000.  Further, venue is appropriate because the action detailed in the complaint occurred in the Middle District of Pennsylvania.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

State Farm argues that the amended complaint should be dismissed because Nye failed to "identify any person who is responsible for causing the accident" as required by her uninsured motorist policy. (Doc. 9, pp. 4–5.)[1] In other words, State Farm asserts that Nye has failed to allege "liability on the part of any other driver," thus foreclosing her uninsured motorist claim. (*Id.* at 7.) In addition, State Farm asserts that Nye has failed to state a bad faith claim because there is evidence of record that Nye was at fault for her accident as a result of following too closely on slippery pavement, rendering her unable to stop in time to avoid the collision. (*Id.* at 9.) Finally, State Farm claims that, with respect to Nye's bad faith claim, it "possessed a reasonable basis" for denying Nye's claim. (*Id.*)

Nye claims that State Farm should have paid her claim for uninsured motorist benefits because the policy states that the owner and driver of the vehicle may remain unknown; therefore, she should not be required to identify anyone that could be liable to her. (Doc. 12, p. 6.) In addition, Nye asserts that it is State Farm's responsibility to investigate her claim and to identify a disinterested person

---

[1] For ease of reference, the court utilizes the page number from the CM/ECF header.

4

to corroborate the accident.² (*Id.*) Further, Nye argues that State Farm's failure to adequately investigate her claim constituted bad faith. (*Id.* at 12.)

### A. Nye's Breach of Contract Claim Will be Dismissed Without Prejudice.

Under Pennsylvania law,³ a breach of contract claim requires: "(1) the existence of a contract, including its essential terms, (2) [Defendant's] breach of a duty imposed by the contract[,] and (3) resultant damages." *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 225 (3d Cir. 2003) (quoting *CoreStates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)).

In this case, neither party disputes that a contract existed to provide uninsured motorist coverage to Nye in the form of her insurance policy with State Farm. Likewise, at this preliminary stage, neither party appears to dispute that Nye was injured in a car accident. Thus, the dispute in this case settles on whether State Farm breached a duty imposed by the insurance policy to pay Nye's uninsured motorist claim.

---

² Nye generically states that "it would be against public policy for an insurance company to allege that the injured motorist would be responsible for doing the investigation in order to determine who was the individual" at fault. (Doc. 12, p. 9.) However, Nye does not cite to any authority in support of this position. Indeed, Nye fails to cite to any authority throughout her brief in support of her position.

³ The court applies the substantive law of Pennsylvania to this dispute since the court is exercising diversity jurisdiction in this case. *Erie R.R. Co. v. Tompkins*, 304 U.S 64, 78 (1938); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000). In addition, the court notes that neither party objects to the application of Pennsylvania law and both parties have cited to same in their filings.

Nye's insurance policy provides, in pertinent part, that:

> [State Farm] will pay compensatory damages for bodily injury an insured is legally entitled to recover from the owner or driver of an uninsured motor vehicle. The bodily injury must be:
>
> 1. sustained by an insured; and
>
> 2. caused by an accident that involves the ownership, maintenance, or use of an uninsured motor vehicle as a motor vehicle.
>
> The amount we will pay for damages is subject to the limitations of Title 75 of the Pennsylvania Consolidated Statutes.

(Doc. 5, p. 50.) An uninsured motor vehicle is defined as:

> a land motor vehicle:
>
> 1. the ownership, maintenance, and use of which is:
>
>    a. not insured or bonded for bodily injury liability at the time of the accident; or
>
>    b. insured or bonded for bodily injury liability at the time of the accident; but
>
>       (1) the limits are less than required by the financial responsibility act of Pennsylvania; or
>
>       (2) the insuring company:
>
>           (a) denied that its policy provides liability coverage for compensatory damages that result from the accident; or
>
>           (b) is or becomes insolvent; or
>
> 2. the owner and driver of which remain unknown and which causes bodily injury to the insured. If there is no physical contact

> between that land motor vehicle and the insured or the vehicle the insured is occupying, then the facts of the accident must be corroborated by a disinterested person who witnessed the accident. You, resident relatives, and persons occupying the same vehicle as the insured are not disinterested persons.

(*Id.* (emphasis removed).)

Fundamentally, in order to obtain coverage on an uninsured motorist claim, State Farm's policy requires that the owner or driver of the motor vehicle responsible for causing bodily injury to Nye be uninsured. Only if Nye did not know the owner or driver involved in the accident, as in a hit and run incident for example, could she avoid establishing that the tortfeasor motorist did not possess insurance. (*See id.*) The amended complaint does not include an allegation that any of the individual(s) involved in the accident who could have been responsible for causing Nye's bodily injuries were uninsured. The amended complaint likewise does not include an allegation that any of the individuals involved in the accident were unknown to Nye. To the contrary, the police reports attached to Nye's complaint include the names and mailing addresses for each individual involved in the accident at issue. Absent one of these allegations, Nye cannot prove that she is entitled to payment under this policy. On these grounds, Nye's claim for breach of contract against State Farm will be dismissed without prejudice to Nye filing an amended complaint.

## B. Nye's Claim for Bad Faith Will be Dismissed Without Prejudice.

Count II of Nye's amended complaint sets forth a bad faith claim pursuant to 42 PA. CONS. STAT. § 8371. Under Pennsylvania law, bad faith claims against insurers arise under statute, rather than common law. *The Brickman Group, Ltd. v. CGU Ins. Co.*, 865 A.2d 918, 926 (Pa. Super. Ct. 2004); 42 PA. CONS. STAT. § 8371 (1990). Section 8371 states:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) [a]ward interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%[;] (2) [a]ward punitive damages against the insure[d]; [and] (3) [a]ssess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. § 8371. Courts have recognized that this statute creates a cause of action where "(1) . . . the insurer did not have a reasonable basis for denying benefits under the policy, and (2) . . . the insurer knew of or recklessly disregarded its lack of a reasonable basis." *Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 370 (Pa. 2017) (adopting the test from *Terletsky v. Prudential Prop. Cas. Ins. Co.*, 649 A.2d 680, 689 (Pa. Super. Ct. 1994)).

A bad faith claim under section 8371 is distinct from the predicate claim. *Nealy v. State Farm Mut. Auto. Ins. Co.*, 695 A.2d 790, 793 (Pa. Super. Ct. 1997) (ruling bad faith claims are distinct from underlying contract claims). As such, there must be a predicate contract claim in order for a section 8371 claim to

proceed.  *Polselli v. Nationwide Mut. Fire. Ins. Co.*, 126 F.3d 524, 530 (3d Cir. 1997) (observing that "a section 8371 claim may not be the sole claim of an insured").  A breach of contract claim can serve as one such predicate action.  *See, e.g.*, *Rancoscky*, 170 A.3d at 371 (recognizing a section 8371 claim brought along with a breach of contract claim).  While the predicate claim need not be tried together with the section 8371 claim, the predicate cause of action "must be ripe for a § 8371 claim to be recognized."  *Polselli*, 126 F.3d at 530.  The Pennsylvania Supreme Court has also recognized this requirement.  *See Ash v Cont'l Ins. Co.*, 932 A.2d 877, 882 (Pa. 2007) (holding that section 8371 "applies only in limited circumstances—i.e., where the insured has first filed 'an action arising under an insurance policy' against his insurer").

In this case, while Nye has alleged a breach of contract claim along with her section 8371 bad faith claim, the court's dismissal of the breach of contract claim removes the predicate cause of action otherwise required to accompany the section 8371 claim.  As another court within this circuit has articulated, a bad faith claim in a vacuum is not actionable.  *MP III Holdings, Inc. v. Hartford Cas. Ins. Co.*, No. 08-CV-4958, 2011 U.S. Dist. LEXIS 72370, at *83–88 (E.D. Pa. June 30, 2011).  Thus, because there are no other actionable claims raised in this case that could serve as a predicate cause of action, Nye's section 8371 claim for bad faith will be

dismissed without prejudice to reinstatement if the breach of contract claim is replead.  *See Polselli*, 126 F.3d at 530.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, Doc. 8, will be granted without prejudice to Plaintiff filing an amended complaint.  An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: March 30, 2022